CASE 2.—ACTION BY RICHARD B. DAVIS AGAINST MARTIN CLAUS, TO RECOVER THE OFFICE OF CITY MARKET MASTER.—March 7.

## Davis v. Claus

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

From a judgment dismissing plaintiff's petition he appeals.    Reversed.

1.    Municipal Corporations—Proceedings of Council—Majority of Members.—Ky. Stats., 1903, ("Charter of Cities of the Second Class") sec. 3044, provides that a majority of members elect of both the board of aldermen and the general council shall constitute a quorum for the transaction of business in joint session.    Held, that a majority of both boards means a majority of the members taken as a whole, and not a majority of each board considered separately.

Davis v. Claus.

2.  Same—Officers—Election.—An ordinance, creating the office of
    market master, provided that he should be elected each year
    by the general council in joint session, and that the general
    council should meet in joint session at such times as the
    mayor should call same, and the mayor should call a joint
    session at the request in writing of two members of each body.
    Held, that where two members of each board of the general
    council requested the mayor in writing to call a joint meeting,
    which he refused to do, for the purpose of defeating their
    right to elect a market master, a majority of the general
    council in a joint session called by the clerk could elect a
    market master, whose rights to the office were valid as against
    an incumbent whose term had expired.

HODGE & WOLFF, attorneys for appellant.

POINTS AND AUTHORITIES.

1.  Statement of case:   (Kentucky Stats., sections 3044, 3046,
3110.)

2.  Defendant had no right to hold over:  (Louisville v. Higdon,
2 Met., 526.)

3.  Collective body with duties has inherent right to meet and
perform.   (1 Dill. Mun. Corp., 334; Morton v. Jungerman, 89 Ky.,
507; Covington v. Boyle, 6 Bush, 207; Kieth v. Covington, 22 Ky.
Law Rep., 1415.)

4.  It must perform duties imposed upon it; these cannot be
evaded by its own or frustrated by others acts.   (Wheeler v.
Commonwealth, 98 Ky., 65.)

5.  The imposition of the duty carries with it the power to
perform   If the time is allowed to pass, it should act as soon
thereafter as practicable.   Irregularity will not invalidate.
(Somerset v. Somerset Bank, 22 Ky. Law Rep., 1132; Lou. Ind.
School v. Louisville, 11 Ky. Law Rep., 569; Cynthiana v. Board
Education, 21 Ky. Law Rep., 732.)

6.  Pleading 'duly elected' not a conclusion of law.   (Tenn.
P. B. Co. v. Barker, 22 Ky. Law Rep., 1072.)

(a)   But a denial of this is practically a plea of 'nul tiel record'
—to raise other questions the charge must be specific.   Brannon
v. Gleason, 14 Ky. Law Rep., 109; Lexington v. Headley, 5 Bush,
508; 13 Am. St. Rep., note to 550.)

7.  An election similar to the one at bar held good in Tillman
v. Otter, 93 Ky., 600.)

HORACE W. ROOT, attorney for appellee.

Davis v. Claus.

POINTS AND AUTHORITIES.

1. Burden of proof on appellant to show his right to the office in question. (Tillman v. Otter, 93 Ky., 600; Mechem on Public Officers, section 491, and subsection 2, of section 494.)

2. "The general council of the city" cannot meet in joint session without the call of the mayor. (Charter of the City of Newport, being sections 3042 and 3110 of Ky. Statutes; An ordinance fixing the time of meeting of the several branches of the general council of the city of Newport, Ky.)

3. If the two municipal boards had the inherent power to convene "the general council of the city" in joint session without the call of the mayor, yet it was necessary to have a majority of the members elect of each board present to constitute a quorum for the purpose of duly convening, organizing and resolving themselves into "the general council of the city" for the transaction of business in joint session. (Charter of City of Newport, being sections 3044 and 3042 of Ky. Statutes.)

4. Authorities cited by appellant not applicable to the case at bar. (Charter, section 3044; Note under the head of "Joint Bodies" on page 1031 of the 15 Am. & Eng. Encl. of Law, 1st Ed.; Gildersleeve v. Board of Education, 17 Add. (N. Y.) Pr. 20; King v. Bower, 1 Barn & Cr., 492; Whiteside v. People, 26 Wend. (N. Y.) 634.)

5. Tillman v. Otter, 93 Ky., 600, not applicable to the case at bar.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This action involves the right to the office of market master of the city of Newport, Ky. It was instituted by the appellant, who, in his petition, claims that he was duly and legally elected by the general council of Newport in joint session assembled, and that he thereafter qualified as by law required, and demanded the office of the appellee, who was wrongfully holding the same, and who, upon such demand. refused to deliver possesion to the appellant, or to allow him to exercise the duties of the office to which he had been elected. Appellee filed an answer in two paragraphs.

Davis v. Claus.

The first traversed every material allegation of the petition  The second pleaded that the election of the appellant was void, because the joint session at which it was held had not been called by the mayor; nor had he authorized the same to be called. Appellant replied to this paragraph by stating that the present mayor of Newport had held that office since January 1, 1904, and for the purpose of holding the defendant in office he had refused at all times since to allow the general council to meet for the purpose of electing his successor; that appellee had been holding the office of market master during the last three years without any election and without right; that by the charter the board of councilmen of the city of Newport consists of 12 members, and the board of aldermen of 5 members, the two boards composing the general council; that on the 14th day of March, 1906, two members of the board of councilmen and two aldermen joined in a written request to the mayor to call a joint session of the general council to elect a market master for the city, but that the mayor refused to do so, and these four members then induced Peter J. Krebs, the city clerk of Newport, to call such meeting; that the clerk issued notices to the 17 members of the general council to meet on the 16th day of March, 1906, at the regular meeting place of the board in the council chambers of the city of Newport, and each of them was served with the notice; that on the 16th day of March, 1906, at 8 o'clock p. m., 10 members of the board of councilmen and 2 members of the board of aldermen, in pursuance of the notice, met at the council chambers at the appointed time. and, in the absence of the presidents of either of the boards, the clerk, Peter J. Krebs, called the meeting to order, and John J. Higgins, a member of the general council,

was duly elected president pro tem., and took the chair; that a resolution was then offered reciting the vacancy in the office of market master, and that it was the sense of the general council that the vacancy be filled by an election then to be had, which resolution was duly passed, receiving the votes of the 12 members present; that thereupon the appellant (plaintiff) was placed in nomination for the office of market master, and received all of the votes of the 12 members present, and was declared to be elected market master, whereupon he took the oath of office and executed a bond as by law required, which was approved by the joint session; that thereafter the appellant (plaintiff) demanded of the appellee (defendant), who was wrongfully in possession of the office of market master, that he deliver the same to appellant, with all the books, standard weights and measures, and other paraphernalia of the office, as it was his duty to do, which demand was refused. A general demurrer to this reply was filed by the appellee and sustained by the court, and, appellant declining to plead further, his petition was dismissed, and from this judgment he has appealed.

The ordinance of the city of Newport creating the office of market master, and prescribing his term and manner of election provides, in part, as follows:

"Section 1. That the office of market master for the city of Newport, Kentucky, be, and the same is hereby created, whose term of office shall be for one year, commencing on the first Monday in January, and shall be elected by the general council in joint session, and be subject to removal at any time by said council."

The ordinance regulating the meetings of the general council of Newport is as follows:

"Section 1 That the board of councilmen shall meet at the council chambers each alternate week, beginning Thursday, March 1st, 1900, and from April 1st to October 1st at eight o'clock p. m., and from October 1st to April 1st at half-past seven o'clock p. m.

"Sec. 2.   The board of aldermen shall meet at the council chambers each alternate week, beginning Thursday, February 22d, 1900, and at three o'clock p. m.

"Sec. 3. The general council shall meet in joint session at the council chambers at such time as the mayor shall call same, or at such times as a joint resolution fixing a time for meeting shall be passed by both bodies. The mayor shall call a joint session at the request in writing of two members of each body."

Section 3044, Ky. Stat., 1903 ("Charter of Cities of the Second Class"), in so far as it applies to the question in hand, reads: "A majority of members-elect of both boards shall constitute a quorum for the transaction of business in joint session."

The question for adjudication is whether or not, under the facts as stated in the reply, the meeting in joint session of the general council of the city of Newport, at which appellant was elected market master, was or not legal. It is insisted for appellee that this question must be answered in the negative, (1) because the meeting was not called by the mayor, and (2) because there were not present a majority of each of the boards.

We will dispose of the second proposition first. The statute provides that a majority of both boards shall constitute a quorum for the transaction of business in joint session. It is insisted by appellee that the

word "both," as used in the charter, is synonymous with "each;" in other words, that there must be present, at least, three members of the board of aldermen and seven members of the board of councilmen in order to constitute a majority sufficient to hold a joint session. To this we cannot agree. The language of the charter is too plain to require construction. A majority of both boards means a majority of the 17 members-elect, taken as a whole; and, this being true, 12 members were more than a majority of the general council of the city of Newport.

The municipal law of the city of Newport very plainly imposes upon the general council the duty of electing each year a market master, and with equal clearness it imposes upon the mayor the duty of calling a joint session upon the request of two members of each board of the general council. This duty the general council undertook to perform by requesting the mayor, in writing, to call a meeting, which he arbitrarily, and in violation of his sworn duty, refused to do, for the purpose of depriving the representatives of the people of their right and power to perform their duty by the election of a market master as by law required; and this was done by the mayor for the purpose of wrongfully retaining in office one who had no right thereto, whose term of office had long since expired, and who had no authority to perform the duties of the office, or the right to collect or receive the emoluments thereof. Finding that the mayor was determined to balk them in the exercise of their right and the performance of their duty with reference to the election of a market master, the members of the general council induced the clerk of the board to issue notices to all the members to meet in joint session at a time fixed, for the purpose of

complying with the ordinance requiring the election of a market master.   This notice was served upon each of the members, and in pursuance of it 12 of the 17 members-elect met and did what they could to induce or force the absent members to comply with their duty in the premises.   So it will be observed that the proceedings on the part of appellants was in every way open and fair, and showed a desire that all the members of the general council should participate in the election.   Those not present were absent because they connived at the unlawful conduct of the mayor in seeking to obstruct the general council in its duty, and we are thus brought face to face with the proposition as to whether or not this reprehensible conduct (which the demurrer admits) can be given the legal effect, the desire for which induced its perpetration.

It seems to us that this case cannot be distinguished from the case of Tillman v. Otter, 93 Ky. 600, 14 Ky. Law Rep. 586, 20 S. W. 1036, 29 L. R. A. 110.   That case involved the election of a sinking fund commissioner of the city of Louisville, where, by law, if the officer in question was not elected during the month of October, then the election was to be made by the commissioners themselves, and, by the letter of the charter and ordinances regulating the matter, the general council of the city of Louisville could only meet in joint session for the purpose of holding an election in pursuance of a joint resolution.   The board of aldermen was composed of 12 members, 6 of whom entered into a conspiracy with the mayor to defeat an election of the sinking fund commissioner during the month of October for the purpose of enabling the sinking fund commissioners, themselves, to fill the vacancy by an election, and refused to pass a

joint resolution for a joint session. In order to defeat this manifestly illegal purpose, the six members of the board of aldermen who were not in the conspiracy met with the board of council without a joint resolution, and elected Otter sinking fund commissioner. This election was held valid by the circuit court, and this judgment was affirmed by this court. In the opinion the following language is used: ''The general council was required to hold an election once in each year, in the month of October, for that purpose, and if they had assembled in that month and elected, by a fair majority vote, a member of the board without any resolution to that effect, this court would have held the election good as against a mere usurper, and in that light the defendant must be regarded under the facts admitted in this case. It is not denied that on the 25th of October, 1889, the plaintiff received 18 votes from one body and 6 from the other, making 24 votes in all, and to hold that the plaintiff was not elected, under the circumstances, because of the violation of official duty by the majority of the board of aldermen, would be recognizing a rule that no court should be willing to adopt.''

The foregoing language is conclusive of the question we have here. The crucial circumstances of the two situations are precisely the same. The majority of the general council were undertaking to obey the law. The mayor and those members who were acting with him were undertaking arbitrarily to defeat the law. The court will not willingly give a construction to the mere letter of the law which enables officials having in charge its execution to defeat its spirit and intent. The provisions of the ordinance for the calling of a joint session are not exclusive in their phraseology, but it must be remembered that they

merely constitute a means for the assembling of a joint session—not a means to balk the representatives of the people in the discharge of their duty.  If. without the means provided, the general council meet fully and fairly for a lawful purpose, then, as said in the case cited, this meeting will be valid as against a mere usurper, as is appellee by the admitted facts stated in the reply.  The general demurrer to the reply should have been overruled, for, if its allegations are true, appellant is entitled to the office for which he sues.

The judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.